IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| JESSICA LINN REIHART, | * | |
| Debtor | * | Case No. 1-06-bk-00497MDF |
| | * | |
| | * | |

## OPINION

### Procedural History

On March 24, 2006, Jessica Linn Reihart ("Debtor") filed the above-captioned petition under chapter 7 of the Bankruptcy Code. Citizens Bank was listed in the schedules as a creditor holding a claim secured by Debtor's 2004 Saturn Vue automobile. On April 6, 2006, notice of the creditors' meeting under 11 U.S.C. § 341(a), which was scheduled for May 2, 2006, was served on all creditors. The notice instructed creditors in large, bold print not to file proofs of claim until they received notice that assets had been identified by the trustee. After the meeting was held, the chapter 7 trustee filed a "no asset" report on May 3, 2006, stating that the bankruptcy estate held no assets that could be liquidated for distribution to creditors. Accordingly, neither Citizens Bank nor any other creditor filed a proof of claim in Debtor's bankruptcy case.

On May 23, 2006, Debtor filed a Reaffirmation Agreement ("Reaffirmation") with Citizens Bank in which Debtor agreed to reaffirm the debt secured by the vehicle.[1] The Reaffirmation provided that the balance due on the loan of $21,723.30 would be satisfied by

---

[1] Debtor's attorney executed Part C of the Reaffirmation Agreement certifying that the presumption of undue hardship had been established, but that in her opinion, the debtor would be able to make the required payment.

1

Debtor making monthly payments of $394.53  In Part D of the Agreement, Debtor stated that her monthly income was $2,000.00 and her actual current monthly expenses were $1,200.00, leaving $800.00 a month to make the payments under the Reaffirmation.  Debtor's income and expenses varied significantly from the amounts provided in schedules "I" and "J" filed with Debtor's petition, which listed monthly income and expenses of $3,012.00 and $3,088.00 respectively.[2]  Because of the significant and unexplained discrepancy between the income and expenses listed in the Agreement and those reported on schedules "I" and "J," I issued an Order pursuant to 11 U.S.C. § 524(m)(1) on May 24, 2006, directing Debtor to show cause why repayment of the debt to Citizens Bank under the Agreement should not be presumed to create an undue hardship.[3]  On June 12, 2006, an Answer to my Order was filed by Debtor asserting that she would reduce

---

[2] According to Fed. R. Bankr. P. 4008 [Interim], the income and expense amounts listed by a debtor in Part D of a reaffirmation agreement should be the same as those included in schedules "I" and "J." If there is a discrepancy between the Part D figures and those in schedules "I" and "J," the debtor must explain why there is a difference. No explanation for the difference in Debtor's figures was provided with the Reaffirmation.

[3] Section 524(m) provides as follows:
Until 60 days after an agreement of the kind specified in subsection (c) is filed with the court (or such additional period as the court, after notice and a hearing and for cause, orders before the expiration of such period), it shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt. This presumption shall be reviewed by the court. The presumption may be rebutted in writing by the debtor if the statement includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of such agreement. If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement. No agreement shall be disapproved without notice and a hearing to the debtor and creditor, and such hearing shall be concluded before the entry of the debtor's discharge.

11 U.S.C. § 524(m).

certain expenses in order to accommodate the reaffirmed debt, or, alternatively, that under 11 U.S.C. § 521(a)(6), she was not required to reaffirm the debt in order to retain the collateral. On June 26, 2006 a hearing was held on the Order to show cause. The matter was taken under advisement on the issue of whether Debtor was required to execute a reaffirmation agreement in order to retain her vehicle or whether she could continue to make payments on the debt without reaffirming. If it is determined that she must reaffirm the debt, the second issue is whether the terms of the Reaffirmation will impose an undue hardship on Debtor. The matter is ready for decision.[4]

## Discussion

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Third Circuit Court of Appeals held that the Bankruptcy Code permits a debtor to retain a creditor's collateral, under certain circumstances, without either redeeming[5] the collateral or reaffirming the debt.[6] *In re Price*, 370 F.3d 362 (3d Cir. 2004). A debtor who was not in default on the contract at the time of the filing of the petition could simply continue to make payments without reaffirming the debt, and, thus, "ride-through" the bankruptcy. The *Price* holding relied heavily on language in § 521, which states that "the debtor shall file with the clerk a statement of his intention with respect to retention or surrender of such property and,

---

[4]This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A) and (O). This Opinion constitutes the findings of fact and conclusions of law required under Fed. R. Bankr. P. 7052, which is made applicable to contested matters by Fed. R. Bankr. P. 9014.

[5]A debtor redeems collateral by paying the full amount of the allowed claim on a secured debt at the time of redemption. 11 U.S.C. § 722.

[6]By reaffirming the debt, the parties agree that the debtor may continue to make installment payments on the obligation in exchange for waiving discharge of the debt.

3

*if applicable,* specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." 11 U.S.C. § 521(2)(A) (emphasis added).[7]

    a.    *Viability of the ride-through option*

The language of § 521(a)(2)(A)[8] was not amended by BAPCPA so the ride-through option authorized under *Price* remains viable unless modified by other provisions of the statute. Section 521(a)(6) provides that:

The debtor shall--

> (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property *as to which a creditor has an allowed claim* for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under 341(a), either--
>
>> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>>
>> (B) redeems such property from the security interest pursuant to section 722.
>
> If the debtor fails to act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and

---

[7]The *Price* Court reasoned that the words "if applicable" implied that situations could exist in which the options of reaffirmation or redemption would not apply. Thus the Court concluded that by using the words "if applicable," Congress did not exclude the ride through as a fourth option available to debtors regarding secured assets. Surrendering the asset at issue to the secured creditor was considered to be the third available option.

[8]Section 521(2)(A) was redesignated as § 521(a)(2)(A) in BAPCPA.

4

the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law . . .

11 U.S.C. § 521(a)(6) (italics added).

At first blush, § 521(a)(6) seems to provide that a debtor is required to reaffirm the debt, redeem the property securing the debt, or surrender the collateral within forty-five days of the creditors' meeting. If the debtor does not perform his stated intention within the time specified, the automatic stay will lift as to the property securing the debt, and it no longer will be property of the estate. However, Debtor argues that the use of the term "allowed claim" in § 521(a)(6), rather than the term "claim," limits the applicability of the paragraph. Debtor asserts that the ride-through option is still permitted when the secured creditor does not have an "allowed claim." Therefore, Debtor argues, because proofs of claim are not filed in a case unless a creditor is notified that there are assets available for liquidation and distribution, debtors in no-asset chapter 7 cases may retain a secured creditor's collateral without either redeeming the collateral or reaffirming the debt. The construction of the statute advanced by Debtor limits the application of § 521(a)(6) to cases in which assets are being administered by the trustee, which in this district historically has been less than 10% of the chapter 7 cases filed. The limited application of the provision, however, does not demand that I interpret the statute more broadly when its plain language is unambiguous, and the result is not "demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Therefore, the use of the term "allowed claim" in § 521(a)(6) restricts application of the paragraph to cases in which a creditor has filed a proof of claim. *In re Donald*, 343 B.R. 524, 536 (Bankr. E.D.N.C. 2006) (the term "allowed claim" is distinct from

the term "claim").⁹ *See also In re Anderson*, 348 B.R. 652, 657 (Bankr. D. Del. 2006) (court is reluctant to ignore the use of the term "allowed claim").

But, while § 521(a)(6) may not require Debtor to reaffirm the debt if he intends to perform under the prepetition contract, by incorporating § 362(h), § 521(a)(2)(C) does require the execution and filing of a reaffirmation agreement to avoid the lifting of the stay. Section 521(a)(2)(C) (formerly § 521(2)(C)) was amended to provide that a debtor's rights under subparagraph A are subject to the provisions of section 362(h)(1), which states:

> (1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property ... securing in whole or in part a claim, ... and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property...; and
>
> (B) to take timely the action specified in such statement ... before expiration of the period for taking action....

11 U.S.C. § 362(h)(1).

"New section 362(h)(1) provides that the stay will be terminated and the collateral will no longer be property of the estate if the debtor fails to file *and perform* a statement of intention to surrender, redeem, [or] reaffirm. . . ." *In re Anderson*, 348 B.R. at 658 (italics added). The requirement that a debtor perform his intention to reaffirm means that a debtor who intends to

---

⁹In *Donald*, the bankruptcy court also noted that § 521(a)(6) requires that the "allowed claim" be for the "purchase price" of the personal property, which rarely would be the amount of the claim. *In re Donald*, 343 B.R. at 536.

6

Case 1:06-bk-00497-MDF    Doc 17    Filed 11/20/06    Entered 11/22/06 07:16:28    Desc
Main Document      Page 6 of 8

retain a vehicle without redeeming it must execute a reaffirmation agreement and cannot simply continue payments under the original loan agreement. Therefore, the ride-through option has been eliminated by reading § 521(a)(2)(C) together with § 362(h)(1). There is no mention of the *Price* fourth option in 362(h) or language in the statute that suggests that the option exists. *Id.* A debtor who wants to retain personal property that serves as collateral for a secured claim must either redeem the collateral or reaffirm the debt. *Id. See also In re Rowe,* 342 B.R. 341 (Bankr. D. Kan. 2006)*; In re Craker,* 337 B.R, 549 (Bankr. M.D.N.C. 2006); *In re Faught*, 2006 WL 151844 (Bankr. W.D. Ky. 2006) ("retaining property and continuing to make regular payments is not one of the options available under the [BAPCPA]"). Accordingly, if Debtor intends to retain the Saturn, if she is unable to redeem the collateral, she must reaffirm the debt.

  b.  *Undue hardship under § 524(m)*

  Section 524(m) provides that for a period of sixty days after a reaffirmation agreement is filed with the court it is presumed to constitute an undue hardship on the debtor if the debtor's net monthly income after the deduction of expenses "as shown on the debtor's completed and signed statement in support of such agreement" is less than the scheduled payments on the reaffirmed debt. 11 U.S.C. § 524(m). The statement submitted by Debtor in support of the Reaffirmation supported Debtor's assertion that reaffirming the debt would not constitute an undue hardship. However, the reported income and expenses listed in Part D of the Reaffirmation were dramatically different from the amounts listed in Debtor's schedules and appeared to have been plucked from thin air. Therefore, I am disregarding Part D and examining Debtor's income and expenses as reported in her schedules. *See In re Laynas*, 345 B.R. 505 (Bankr. E.D. Pa. 2006) (a bankruptcy court's power to evaluate the accuracy of the financial

7

disclosures made by a debtor as part of a reaffirmation agreement process is supported by the purpose of § 524).

The difference between Debtor's reported net income on schedule "I" and her expenses as reported on schedule "J" produced a deficiency of $78.00 per month. In response to the Order to show cause, Debtor filed an answer in which she stated that she would eliminate her monthly allowance for recreational expenses ($100.00), which would reduce her monthly expenses in an amount sufficient to rebut the undue hardship presumption. *See In re Riggs*, 2006 WL 2990218, *5 (Bankr. W.D. Mo.) (examples of ways to rebut a presumption of undue hardship include cutting costs in other categories of expenses.) Therefore, I find that reaffirming the debt owed to Citizens Bank will not constitute an undue hardship. An appropriate order will be entered.

By the Court,

*Mary D. France*
Bankruptcy Judge

*This document is electronically signed and filed on the same date.*

Date: November 20, 2006